UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| In re: | ) |  |
|---|---|---|
|  | ) |  |
| BRIDGE INFORMATION SYSTEMS, INC., | ) |  |
|  | ) |  |
| Debtor, | ) |  |
|  | ) |  |
| -------------------------------- | ) |  |
|  | ) |  |
| GULFCOAST WORKSTATION, CORP., | ) |  |
|  | ) |  |
| Appellant, | ) |  |
|  | ) |  |
| v. | ) | No. 4:04CV1481 HEA |
|  | ) |  |
| SCOTT P. PELZ, Plan Administrator on behalf of Bridge Information Systems, Inc., | ) |  |
|  | ) |  |
| Appellee. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on appeal from a final order and judgment of the United States Bankruptcy Court finding that certain payments made by debtor to appellant were preferential under Section 547(b) of the Bankruptcy Code and that appellant failed to establish that the payments were made under the ordinary course defense of Section 547(c)(2). Jurisdiction over this appeal is proper under 28

U.S.C. § 158(a)(1).

Appellant sets forth four separate issues on appeal. First, whether the Bankruptcy Court erred in holding that appellant must present evidence under 28 U.S.C. § 547(c)(2)(C) of the Bankruptcy Code "of an industry practice concerning the method by which suppliers apply a customer's payment to an outstanding invoice."

Second, whether the Bankruptcy Court erred in ruling that appellant failed to establish by a preponderance of the evidence that the practice of allowing debtor to direct how its payments were to be applied was objectively ordinary under 28 U.S.C. § 547(c)(2)(C) for appellant, debtor and the computer reseller industry.

Third, whether established case authority holding that a debtor has the right to direct how its payments are to be applied mandates that allowing debtor to do so necessarily falls within the ordinary course exception, and thus is in compliance with 28 U.S.C. § 547(c).

Finally, whether the Bankruptcy Court erred in ruling that appellant abandoned its subsequent new value affirmative defense under 28 U.S.C. § 547(c)(4).

The Court will affirm the judgment of the Bankruptcy Court for the reasons set forth below.

## Factual Background

Debtor, Bridge Information Systems, and appellant entered into an agreement whereby appellant agreed to resell computer component parts and computer systems to debtor, (the Sales Agreement). The terms of the Sales Agreement required debtor to remit payment on each invoice within thirty days of its receipt of the invoice. The Sales Agreement also stated that debtor was to remit payment directly to appellant's bank, and further allowed debtor to match a payment with any outstanding invoice.

Debtor and its affiliates, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 15, 2001. The Plan Administrator, appellee herein, filed his Complaint to Avoid and Recover Preferential Transfers against Gulfcoast Workstation Corp., appellant herein, on February 11, 2003. Trial on the adversary complaint was held on October 29, 2003. At issue were eight payments made by debtor to appellant totaling $2,155,105.80. These payments were made by debtor within the ninety days preceding the petitions for relief. Debtor designated how these payments should be applied to its account with appellant.

On July 6, 2004, the Bankruptcy Court entered its Memorandum and Order finding that the stipulated facts along with the testimony at trial and the Payment Summary established that the Challenged Payments were preferential under § 547(b). The Bankruptcy Court further found that appellant failed to establish by a

preponderance of the evidence that its practice of allowing debtor to match each payment with any outstanding invoice was objectively ordinary with the computer resale industry under § 547(c)(2)(C), and therefore failed to establish its ordinary course defense under § 547(c)(2). Based on this finding, the Bankruptcy Court held that appellee could avoid the Challenged Payments under § 547(b) and recover those payments from the debtor under § 550(a)(1). On September 29, 2004, the Bankruptcy Court denied appellant's Motion to Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Appellant filed with the Bankruptcy Court a timely notice of appeal to this Court of the Bankruptcy Court's aforementioned orders.

## Standard of Review

Bankruptcy Rule 8013, which sets forth the standard of review to be applied by district courts with respect to bankruptcy appeals, provides: "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." On the basis of this Rule, the Court must accept Judge McDonald's

findings of fact unless they are found to be clearly erroneous. *Id.* The Court reviews the Bankruptcy Court's legal conclusions *de novo*. *In re Apex Oil Co., Inc.*, 406 F.3d 538, 541 (8th Cir. 2005).

## Discussion

The parties do not dispute that the payments in question were preferential under 11 U.S.C. § 547(b), rather, appellant argues that it is entitled to the "ordinary course of business" defense contained in 11 U.S.C. 547(c)(2).

This defense provides:

> (c) The trustee may not avoid under this section a transfer--
> (2) to the extent that such transfer was--
> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
> (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
> (C) made according to ordinary business terms.

11 U.S.C. § 547(c)(2).

The burden is on the creditor claiming the exception to show all three statutory elements by a preponderance of the evidence. "To prevail on the ordinary course of business defense, [creditor] is required to show all three statutory elements of the test by a preponderance of the evidence. *In re Gateway Pac. Corp.*, 153 F.3d at 917. As no 'precise legal test which can be applied' exists, the court

must engage in a 'peculiarly factual analysis.' *Id.* (internal citations omitted)." *In re Armstrong*, 291 F.3d 517, 526 -527 (8th Cir. 2002). Failure under any one of the three elements dooms the entire exception. *In re Spirit Holding Co.,* 153 F.3d 902, 904 (8th Cir. 1998).

Specifically at issue is the Bankruptcy Court's determination that appellant failed to present sufficient evidence of the ordinary course of business within the computer resale industry element of the defense.[1] This prong has been characterized as the objective element of Section 547(c)(2).

The objective prong of Section 547(c)(2) analysis, subsection (C), requires proof that the payment is ordinary in relation to the standards prevailing in the relevant industry. *In re U.S.A. Inns*, 9 F.3d 680, 684 (8th Cir. 1993). (citation omitted). "'Congress clearly intended to establish separate, discrete, and independent requirements which a creditor would have to fulfill to prevent avoidance.... [and] to hold otherwise would not only ignore the clear language of the statute, but would effectively render subsections (B) and (C) superfluous to each

---

[1] Appellant argues that the Bankruptcy Court found that it has established elements (A) and (B), whereas appellee does not concede to such a finding. Because failure to establish any one of the three prongs negates the defense, and the Bankruptcy Court found a failure to prove element (C), whether elements (A) and (B) were proven is not relevant to this appeal.

other.'" *Id.* (internal citation omitted).[2]

The evidence presented with respect to this element was introduced through the testimony of appellant's general manager and vice president Bradley A. Whitsett. Mr. Whitsett testified that the terms in the computer reseller industry were net 30 (30 days from the date of invoice). According to appellant, this evidence was sufficient to establish the ordinary course of business in the industry. The Bankruptcy Court, however, concluded that because appellant failed to present evidence of an industry standard which allows the debtor to designate how the payment should be applied, appellant failed to satisfy its burden of proving the third element of the defense.

When analyzing whether the creditor has satisfied its burden of proving by a preponderance of the evidence that the manner in which the parties have conducted themselves complies with the industry standard, the prevailing Eighth Circuit law requires the Court, the Bankruptcy Court as well as this Court in its review of the Bankruptcy Court's determination, to look at the facts surrounding the parties'

---

[2] Appellant urges the Court to seek guidance from the amendments to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which is to become effective October 17, 2005. The 2005 Reform Act amends Section 547(c)(2) by making the second and third elements of the ordinary course exception "disjunctive" rather than "conjunctive." While this amendment does indeed change the "ordinary course" defense to preference action, the law effective at this time remains "conjunctive" and this Court is not at liberty to modify the current law in anticipation of the amendment.

transactions. The court must engage in a 'peculiarly factual analysis.' *Id.* (internal citations omitted)." *In re Armstrong*, 291 F.3d 517, 526 -527 (8th Cir. 2002). This standard, therefore requires an analysis not only of facts which weigh in favor of the defense, but also those which may not. In order to engage in a peculiarly factual analysis, all facts must be considered, not merely selective facts. In determining that appellant had failed to satisfy the third prong of the test, the Bankruptcy Court engaged in that analysis as required. Not only did the Bankruptcy Court accept that evidence which established the industry practice with regard to the terms of payment, but also found that the failure to present any evidence regarding the manner of applying payments as the debtor directed doomed appellant's defense.

Appellant also argues that because the debtor had a legal right to direct how its payments should be made, it necessarily has established the industry standard. The Court fails to see the confidence appellant places in this argument. The fact that the manner in which payments were to be applied may be a legal right of the debtor fails to establish that in fact such was the practice in the ordinary course of business in the computer reseller industry. Nothing presented by appellant proves by a preponderance of the evidence that the existence of a legal right automatically establishes the industry standard. Nowhere does appellant demonstrate that because of the legal right, the industry was required to exercise that legal right. The record

is devoid of any evidence that the ordinary course of business for the industry was in accordance with the manner utilized by the parties in this particular situation. See *In re U.S.A. Inns*, 9 F.3d at 685. The Bankruptcy Court's finding that appellant failed to carry its burden with respect to Subsection (C) was not clearly erroneous.

Appellant argues that it did not abandon its "new value" defense, rather, it merely acknowledged that the new value defense was also the basis for a successfully claimed setoff in another adversary proceeding, <u>Gulfcoast Workstation Corp. And Relational Funding Corp. V. Bridge Information Systems, Inc.</u> NO 02-4089-293. The value of the product shipped to the debtor and for which appellant was not paid was the same as that value that is the subject of the other adversary proceeding, now pending in this Court on appeal. At trial on this appeal, appellant acknowledged that it would not attempt to "double dip" in the underlying preference action. No further evidence was presented on the "new value" defense. Based upon the record and the representations of counsel on the record, the Bankruptcy Court's finding that the record was "devoid of evidence relating to Gulfcoast's new value defense" was not clearly erroneous.

## **Conclusion**

For the reasons discussed above, the judgment of the Bankruptcy Court will

be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the Bankruptcy Court's judgment in favor of appellees is affirmed.

Dated this 13th day of June, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE